**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

OVERTON ENTERPRISES, LLC

*Plaintiff,*

v.

BACK BAY BRANDS, LLC

*Defendant.*

Civil Action No. 1:25-cv-1460

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Overton Enterprises, LLC ("Plaintiff" or "Overton") by and through its undersigned attorneys, files this Original Complaint for patent infringement against Back Bay Brands, LLC ("Defendant" or "Back Bay"), and alleges, upon information and belief as follows:

### NATURE OF ACTION

1.      This is an action for infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., to enjoin and obtain damages resulting from Defendants' willful infringement of U.S. Patent No. 8,104,654, entitled "Belt With Expandable Pouch" ("the '654 Patent"). A copy of the '654 Patent is attached hereto as Exhibit A.

2.      Overton seeks damages, enhancement of damages, injunctive relief, attorneys' fees and costs, and interest for Defendant's acts of willful patent infringement.

### THE PARTIES

3.      Plaintiff Overton Enterprises, LLC is a limited liability company organized and existing under the laws of Texas with its principal place of business located at 5321 Industrial Oaks Blvd, #105, Austin, Texas 78735.

4.      Defendant Back Bay Brands LLC is a limited liability company organized under the laws of Texas. Upon information and belief, Jeremy Abend and Amanda Abend are the founders and mangers of Back Bay Brands, LLC and located at 501 Brazos Street, Unit 28218, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and/or 1338(a).

6.      This Court has personal jurisdiction over Defendant because Defendant is a Texas limited liability company with a place of business located in this District. Defendant has engaged in continuous and systematic minimum contacts with residents of Texas through the making, distribution, offering for sale, and/or sale of products and services in Texas, as well as its acts of patent infringement committed in this District.

7.      Defendant has purposefully and voluntarily made its goods and services, including the infringing product, available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and/or used by consumers in this District. Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and within this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

8.      Venue is proper in this District because pursuant to 28 U.S.C. § 1400(b) and §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction in this District, Defendant

2

has committed acts of infringement in this District, and Defendant is a Texas company having a regular and established place of business within this District.

## OVERTON AND THE PATENT IN SUIT

9.     Kimberly Overton, an Austin native and avid runner, noticed a need for a comfortable, stylish, and convenient belt to hold a person's keys, cell phone, and other items while running.  She invented the SPIbelt which is handmade in Austin, Texas.

10.     Kimberly Overton is the named inventor of "Belt With Expandable Pouch," United States Patent No. 8,104,654 which is valid and enforceable. Overton Enterprises, LLC is rightful owner of the '654 Patent.

11.     SPIbelt has garnered critical acclaim for its unique and high-quality running belt, and its products are sold online and to thousands of retailers in over 40 countries worldwide.

## DEFENDANT'S INFRINGING ACTIVITIES

12.     Defendant is trading on Overton's substantial investments in research, development, and marketing of its SPIbelt product by knowingly and willfully copying Overton's patented belt. Defendant makes, uses, offers for sale, sells, and/or imports into the United States a running belt that infringes on or more claims of the '654 Patent, including the Back Bay Non-Slip Running Belt ("the Back Bay Belt"). The Back Bay Belt is also called "Slim Running Belt."

13.     The Back Bay Belt can be found on www.amazon.com and in Walmart stores. (Ex. B and C). Upon information and belief, Defendant has previously advertised and sold the Back Bay Belt on its own website, www.backbaybrand.com and possibly others. (Ex. D and E).

14.     On August 14, 2025, counsel for Overton sent a letter to Defendant demanding that Back Bay immediately cease and desist from the advertisement and sale of the Back Bay Belt ("the

AUS 3542307.2

C&D Letter"). The C&D Letter advised Defendant that it was infringing the '654 Patent and requested a response by August 22, 2025.

15.    In an August 19, 2025 email, counsel for Defendant confirmed receipt of the C&D Letter and advised that it would respond after reviewing the letter. Overton followed up with Defendant's counsel on September 5, 2025 but has not received any response to date.

<u>**COUNT I**</u>
**Direct Infringement of the '654 Patent**

16.    Overton incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

17.    Overton is the owner and assignee of all substantial rights, title, and interest in the '654 patent.

18.    Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringed (and continues to directly infringe) at least claim 1 of the '654 Patent throughout the United States, literally or under the doctrine of equivalents, by making, using, offering for sale, and/or selling the Back Bay Belt in the United States, and/or importing the Back Bay Belt into the United States. An exemplary claim chart mapping the Back Bay Belt to the elements of claim 1 of the '654 Patent is attached hereto as Exhibit F.

19.    Defendant's past and continued acts of direct infringement of the '654 Patent have caused damage to Overton. Thus, Overton is entitled to recover damages from Defendant in an amount to be determined at trial, including but not limited to lost profits, but in no event less than a reasonable royalty for Defendant's direct infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

20.    On information and belief, Defendant has intentionally and deliberately infringed the '654 Patent, having had knowledge of the '654 patent and Defendant's infringement of that

AUS 3542307.2

patent at least as of the date of the August 14, 2025 C&D Letter. Defendant's direct infringement of the '654 patent is therefore willful, entitling Overton to enhanced damages. Defendant's willful direct infringement of the '654 patent has allowed it to enjoy substantial sales they otherwise would not have had, grow market share, and leverage Overton's patented technology to develop its own product and brand at the expense of Overton's reputation as a product innovator in the exercise and fitness industry. For at least these reasons, this action is "exceptional" within the meaning of 35 U.S.C. § 285, entitling Overton to reasonable attorneys' fees in bringing this action.

21.     Defendant's ongoing direct infringement of the '654 patent has caused and will continue to cause irreparable harm to Overton unless and until the Court enters an injunction prohibiting Defendant from engaging in further acts of direct infringement of the '654 patent.

**COUNT II**
**Indirect Infringement of the '654 Patent**

22.     Overton incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

23.     On information and belief, Defendant has had knowledge of the '654 Patent and its infringement of that patent at least as of the date of Defendant's receipt of the August 14, 2025 C&D Letter.

24.     Without license or authorization and in violation of 35 U.S.C. § 271(b), Defendant indirectly infringed (and continues to indirectly infringe), for example, by knowingly, intentionally, purposefully and actively inducing others (such as end-user customers) to directly infringe at least claim 1 of the '654 patent, either literally or under the doctrine of equivalents, by encouraging said others to make, use, offer to sell, sell, and/or import into the United States the Back Bay Belt, knowing that such induced acts constitute patent infringement or with a belief of a

5

high probability that said others would infringe the '654 Patent, while remaining willfully blind to such infringement.

25.    For example, and without limitation, Defendant, with knowledge of the '654 patent and its infringement, has engaged in various marketing efforts (such as advertising and marketing on Amazon and on its website www.backbaybrand.com) to entice users to purchase and use the Back Bay Belt in an infringing manner, knowing such use to constitute infringement of the '654 patent.

26.    Defendant's past and continued acts of indirect infringement of the '654 Patent have caused damage to Overton. Thus, Overton is entitled to recover damages from Defendant in an amount to be determined at trial, including but not limited to lost profits, but in no event less than a reasonable royalty for Defendant's indirect infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

27.    On information and belief, Defendant has intentionally and deliberately infringed the '654 patent. Defendant's indirect infringement of the '654 Patent is therefore willful, entitling Overton to enhanced damages.

28.    Defendant's willful indirect infringement of the '654 patent has allowed it to enjoy substantial sales they otherwise would not have had, grow market share, and leverage Overton's patented technology to develop its own product and brand at the expense of Overton's reputation as a product innovator in the exercise and fitness industry. For at least these reasons, this action is "exceptional" within the meaning of 35 U.S.C. § 285, entitling Overton to reasonable attorneys' fees in bringing this action.

AUS 3542307.2

29.     Defendant's ongoing indirect infringement of the '654 Patent has caused and will continue to cause irreparable harm to Overton unless and until the Court enters an injunction prohibiting Defendant from engaging in further acts of indirect infringement of the '654 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth above, Overton respectfully requests that this Court enter judgement in its favor, and against Defendant, and award relief including, but not limited to, the following:

A.     a judgment that Defendant has infringed the '654 Patent;

B.     a judgment that Defendant's infringement of the '654 Patent was willful;

C.     an order permanently enjoining Defendant from further acts of infringement of the '654 Patent;

D.     an order awarding damages adequate to compensate Overton for Defendant's unauthorized acts of infringement, including lost profits, and in an amount not less than a reasonable royalty;

E.     an order awarding Overton treble damages under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the '654 Patent;

F.     a declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of Overton's reasonable attorneys' fees incurred in the prosecution of this action;

G.     an order awarding costs and expenses incurred by Overton in this action;

H.     an order awarding pre-judgment and post-judgment interest to Overton; and

I.     such other and further relief as this Court deems just and proper.

AUS 3542307.2

DATE: September 9, 2025                    Respectfully,


                                           /s/ *Darlene F. Ghavimi*
                                           Darlene F. Ghavimi

                                           **SPENCER FANE LLP**
                                           Stewart N. Mesher
                                           State Bar No. 24032738
                                           smesher@spencerfane.com
                                           Darlene F. Ghavimi
                                           State Bar No. 24072114
                                           dghavimi@spencerfane.com
                                           816 Congress Ave., Ste. 1200
                                           Austin, Texas 78701
                                           512.840.4550 telephone
                                           512.840.4551 facsimile

                                           *Attorneys for Overton Enterprises, LLC*

AUS 3542307.2